UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X

GRETHA SMART, et al.,

                       Plaintiffs,         21-CV-3420 (NRB)

    -against-                      **STIPULATED**
                                                **PROTECTIVE ORDER**

SHARICE SCOTT, et al.,

                       Defendants.

-----------------------------------------------------------X

      **WHEREAS**, Plaintiff Gretha Smart, individually and on behalf of C.C. and H.C., and Justin Lopez. ("Plaintiffs"), filed this action on or about April 20, 2021, against Defendants Sharice Scott, Sharon St. Hill, Joy Headley, Phoebus Widjaja, Anne Idowu, Janye Nwankwo, Iyeisha Witherspoon, and the City of New York (collectively, "Defendants," and with Plaintiffs, the "Parties") and

      **WHEREAS**, the Parties are engaged in discovery in this action that requires the production of documents and information that the Parties deem to be confidential;

      **WHEREAS**, this Protective Order is intended to allow the Parties to designate material as confidential, and to limit the use and re-disclosure of those documents or that information;

      **NOW, THEREFORE, IT IS HEREBY ORDERED**, as follows:

      1.     As used herein, unless otherwise specified, the term "Producing Party" means the party, or person other than a party, being asked to produce and asserting a confidentiality interest in information or documents designated by that party or person as Confidential Material, as defined in Paragraph 3 below.

      2.     As used herein, unless otherwise specified, the term "Receiving Party" means the

1

party receiving or requesting production of material designated by the Producing Party as Confidential Material, including that party's counsel.

3. As used herein, "Confidential Material" shall mean the following documents, whether or not embodied in any physical or electronic medium, and any and all information contained within those documents: (i) any and all investigative or case files maintained by New York City Administration for Children's Services ("ACS") in which Plaintiffs are the subject of a report of child abuse or neglect; (ii) all documents containing personally identifying information, contact information (including, without limitation, personal email addresses), employment history or family history of any present or former employee of the Defendants (iii) personnel files (including, without limitation, disciplinary records) of any present or former employee of the Defendants; (iv) all documents deemed confidential by operation of state or federal law; (v) any other documents or information that the Parties' counsel agree, in writing, should be treated as confidential; or (vi) any other category of information given confidential status by this Court after the date of this Order.

4. A Producing Party may designate documents that it produces or discloses in this action, or information contained within those documents, as "Confidential Materials" by marking with the legend "CONFIDENTIAL" each page containing such information that it sends to the Receiving Parties.

5. No document or information shall be deemed "Confidential Material" subject to the terms of this Stipulation and Order to the extent that it is (a) in the public domain or is already available to the Receiving Party; (b) already lawfully in the possession of the Receiving Party; (c) available or becomes available to a Receiving Party from a source other than the Producing Party that is lawfully in possession of such information on a non-confidential basis; or

(d) held by a court not to constitute Confidential Material.

6. The inadvertent production of Confidential Material without appropriate designation of confidentiality shall not be deemed a waiver of any claim of its status as Confidential Material. Upon receiving reasonable notice from the Producing Party that the produced Confidential Material has not been appropriately designated, all such information shall be re-designated promptly as Confidential Material and treated accordingly. The Producing Party shall immediately notify the Receiving Party of the error and provide replacement pages bearing the "Confidential" legend. The Receiving Party shall not be in violation of this Protective Order for any disclosures of such Confidential Material made prior to such notice, which would have been permitted under the terms of this Protective Order but for the subsequent designation by notice. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). If the Receiving Party disclosed such Confidential Material prior to being notified, the Receiving Party will promptly inform the Producing Party of such disclosure, and the Receiving Party will take steps to recover any disclosed Confidential Materials or provide for their confidentiality pursuant to this Stipulation.

7. Receiving Parties and their counsel shall not use any Confidential Material for any purpose other than for the preparation or presentation of the Parties' case in this action, and shall not produce or disclose Confidential Material to any third-party, except pursuant to the terms of paragraph 6 below.

8. Unless otherwise ordered by the Court or agreed to by Parties' counsel in writing, Confidential Material may be disclosed only to:

    a. The named parties;

    b. The Parties' counsel, persons acting under counsel's supervision, and employees and independent contractors of counsel who are directly involved in the preparation or presentation of the Parties' cases in this action;

    c. The Parties' experts and consultants, as necessary for the preparation or presentation of the Parties' case in this action in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    d. Any deponent, witness, or potential deponent or potential witness, for purposes of investigation, preparation, deposition, or trial in this action only, who authored or otherwise had access to and familiarity with the document or information at the time of its original creation and use, or had familiarity with or possessed knowledge of facts and circumstances of the action to which the document or information relates in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    e. any other person as to whom the Parties agree in writing in accordance with the procedures set forth in Paragraph 8 of this Protective Order;

    f. court reporters, as necessary for the conduct of this litigation; and

    g. the Court, pursuant to the provisions of Paragraph 10 of this Protective Order.

9. As used herein, disclosure of Confidential Material includes the written or oral transmission of the document or information designated as Confidential Material.

10. A Party's counsel may disclose Confidential Material, and/or the information

contained therein, to a person identified in sub-paragraphs 8(c), 8(d), and/or 8(e) of this Protective Order only after: (a) advising such person that, pursuant to this Protective Order, he or she may not divulge Confidential Material to any other individual or entity; and (b) such person executes a Non-Disclosure Agreement in the form annexed hereto as Exhibit A. A Party's counsel shall retain each signed Non-Disclosure Agreement and provide a copy of each signed Non-Disclosure Agreement to counsel for the disclosing Party upon request and before any person to whom such Confidential Material is disclosed is permitted to testify (at deposition or trial).

11. Deposition testimony may be designated in good faith by any party as Confidential Material by indicating on the record at the deposition that the specified part of the testimony is Confidential Material subject to the provisions of this Protective Order. Those portions of the transcript that includes such testimony, together with any exhibits consisting of Confidential Material, shall be prominently marked "CONFIDENTIAL." In addition, those portions of the transcript concerning any Confidential Material shall be deemed designated as such upon written notice to the Parties' counsel, designating the page and line, within fifteen days of receipt of the transcript. The Parties' counsel shall not disclose the deposition transcript before expiration of said fifteen day period to any person who has not previously signed the form attached as Exhibit A.

12. If any Party seeks to file papers with the Court that incorporate Confidential Material or reveal the contents thereof, that party shall make an application to the Court consistent with the Court's rules for permission to file under seal, indicating whether any other party objects to that request.

13. The Receiving Party shall not be obligated to challenge the propriety of a

Confidential Information designation at the time made and its failure to do so at the time shall not operate as a waiver of tis right to request that the Court determine the propriety of the designation at any subsequent time or in any way preclude a subsequent challenge to such designation, except as provided in Paragraph 14 below.

14. If a Receiving Party believes that the Producing Party has designated information "Confidential" that is not entitled to such protection, the Receiving Party shall notify the Producing Party of such disagreement in writing. The parties shall first try to dispose of such disputes in good faith on an informal basis. If the dispute cannot be resolved within ten (10) business days, the Receiving Party must seek within five (5) business days affirmative relief from the Court overruling the Producing Party's decision to designate the matter in question as Confidential Material. Such application shall comply with the Individual Practices of the assigned District Judge. The party challenging the confidentiality shall bear the burden of demonstrating the propriety of the designation to the satisfaction of the Court. The Receiving Party's failure to seek relief from the Court within five (5) business days from the expiration of the initial ten (10) business day informal discussion period shall constitute waiver of the asserted challenge. If the Receiving Party seeks relief from the Court within five (5) business days as described above, any disputed documents shall be treated as Confidential Material until the parties resolve the dispute or the Court issues a ruling regarding the disputed confidentiality designations.

15. Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or other law limiting the disclosure of Confidential Material, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt

Confidential Material from disclosure.

16. This Protective Order shall not be construed as a waiver by the parties of any objection that might be raised as to the admissibility of any evidentiary material. This Order does not preclude any person from opposing the production of any information on any proper ground (including privilege grounds).

17. Nothing in this Protective Order will prevent the Parties from producing any Confidential Material in their possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that the Parties give written notice to the Producing Party's counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deem it appropriate to do so.

18. Any party wishing to use Confidential Materials at any trial in connection with this action shall inform the other party and either party shall be permitted to make an application to the Court regarding the use of the materials and their confidential status. Except as provided herein, nothing in this Protective Order is intended to restrict, limit, supersede, modify or amend any federal, state or local statute, ordinance or regulation, or rule of the Court limiting the disclosure of any document or information, or the applicability of the attorney/client privilege or work product doctrine, or of any other privilege or doctrine that would exempt any document or information from disclosure.

19. This Protective Order shall be without prejudice to the right of the Producing Party to oppose production of any document or information on any and all grounds other than

7

confidentiality.

20. Within 60 days after the termination of this case, including any appeals, any Confidential Material received by a Receiving Party from a Producing Party, including all copies thereof, , shall, at the election of the Receiving Party, be returned to counsel for the Producing Party or destroyed, except that counsel for the Parties may retain one copy of any deposition transcript and one final copy of all papers filed with the Court that contain or refer to Confidential Material, which would otherwise be subject to the terms of this paragraph. Such papers and deposition transcripts which may be retained in accordance with this paragraph shall be conspicuously marked "Contains Confidential Material Subject to Protective Order." All persons who have received or who have possessed Confidential Material pursuant to paragraph 6(a)-(e) shall verify the return or destruction of those Confidential Materials (with the exception set forth in the previous sentence in this paragraph) by affidavit furnished to counsel for the disclosing Party.

21. Nothing in this Stipulated Protective Order shall be construed to limit the Producing Parties' use of Confidential Material in any manner.

22. The Parties reserve the right to individually seek modification of this Protective Order by application to the Court for good cause shown.

23. Electronic or faxed copies of signatures of this Protective Order shall have the same force and effect as original signatures.

Dated: New York, New York
       January 3, 2022

**OFFICE OF THE**                                                           Kaufman, Lieb, Lebowitz & Frick,
**CORPORATION COUNSEL**                    LLP

By:_____                           By:_/s/ Alyssa D. Isidoridy

8

| | |
|---|---|
| Brian Krist | Alyssa D. Isidoridy |
| GEORGIA PESTANA<br>Corporation Counsel of the<br>City of New York<br>Attorney for Defendants<br>100 Church Street, 2nd Floor<br>New York, New York 10007<br>(212) 356-2471 | Attorneys for Plaintiffs<br>10 East 40th Street, Ste. 3307<br>New York, New York 10016<br>(212) 660-2332 |

**SO ORDERED:**

Dated: __January 10, 2022__
New York, New York

_____
Naomi Reice Buchwald
U. S. D. J.

9

<u>EXHIBIT A</u>

I, _____, the undersigned, hereby swear under penalty of perjury that I have read the Stipulated Protective Order (the "Order") entered in the United States District Court for the Southern District of New York dated January 3, 2022, in the action titled Smart, et al. v. Scott, et al., 21-cv-3420 (NRB) and understand the terms thereof.  I agree not to use the Confidential Material defined therein for any purpose other than in connection with the prosecution or defense of that case, and will not further disclose the Confidential Material except in testimony taken in that case.  I aver that the Confidential Material and any copies, notes, or other records that I make regarding the Confidential Material shall not be used or disclosed by me or my agents to others.  I agree to be subject to the above-identified Court's rulings regarding the imposition of appropriate sanctions, and I agree that I may be held in contempt of court if I violate the terms of the Order.

Dated:_____        _____
                                    Signature

                                    _____
                                    Name (Printed)

                                    _____
                                    Occupation